IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ALFREDO MONTES, SR., | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CV226 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNION PACIFIC RAILROAD COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the plaintiff's Motion to Compel Discovery (Filing No. 45). The plaintiff filed evidence attached to the motion. The defendant filed a brief (Filing No. 60) in opposition to the motion.

## BACKGROUND

This case arises from injuries the plaintiff sustained while working for the defendant. **See** Filing No. 1. On October 20, 2007, the plaintiff, a foreman of Track Surface and Lining Gang 5072, was with his supervisor walking alongside railcars dumping ballast from the railcars. *Id.* ¶¶ 7-8. During his work on that date, the plaintiff walked on uneven terrain, steep shoulders, and loose ballast while the railcars were dumping the ballast. *Id.* ¶ 11. There were no walkways alongside the tracks, however debris and vegetation existed on portions of the shoulders. *Id.* In the afternoon, the plaintiff reported right heel pain to his supervisor. *Id.* The plaintiff was diagnosed with a fracture and later underwent surgery. *Id.* ¶¶ 12-14. The plaintiff's injury disqualified him from his work in the Maintenance of Way Department. *Id.* ¶ 15.

Based on these alleged facts, the plaintiff filed the instant lawsuit on July 7, 2009, under the provisions of the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51-60. Specifically, the plaintiff alleges the defendant failed to

> exercise ordinary care to provide its employees with a reasonably safe place to work, in, among other things:
> (a) the duty to investigate, institute, and implement reasonably safe methods and procedures for the performance of the work;

      (b)    the duty to comply with its own rules, including Engineering Track Maintenance Field Manual and Union Pacific Railroad Engineering Standards;

      (c)    the duty to comply with Revised Statutes of Nebraska Annotated, Article 9, Section 74-919.

*Id.* ¶16.  The defendant denies liability for the plaintiff's injury.  **See** Filing No. 6 - Answer.

On April 9, 2010, the court entered an amended progression order allowing the parties until October 13, 2010, to file any discovery motions as to matters which were then ripe for decision.  **See** Filing No. 29.  The plaintiff timely filed the instant motion to compel on October 11, 2010.  **See** Filing No. 45.  The parties have been engaged in discovery in this case since September 2009.  The discovery deadline was October 27, 2010.  **See** Filing No. 29.  In the progression order, the court scheduled the parties' final pretrial conference for December 17, 2010, with trial to follow on January 17, 2011.  *Id.*  The parties filed cross-motions for summary judgment on September 24, 2010.  **See** Filing Nos. 38 and 39.  Additionally, on October 12, 2010, the defendant filed a motion to exclude the plaintiff's medical expert witnesses.  **See** Filing No. 48.

On January 5, 2010, the plaintiff served the defendant with Interrogatory No. 1 and requests for production of documents.  **See** Filing No. 21 - Notice of Service.  On February 4, 2010, the defendant served responses.  **See** Filing No. 22 - Certificate of Service.  On June 7, 2010, the plaintiff's counsel wrote to the defendant's counsel regarding perceived deficiencies in the responses to Interrogatory No. 1 and Request for Production No. 2.  **See** Filing No. 45 Ex. 1.  The June 7, 2010, letter indicated the plaintiff's willingness to modify Interrogatory No. 1.  *Id.*  On September 17, 2010, the defendant served a supplemental answer to Interrogatory No. 1 and response to Request for Production No. 2.  **See** Filing No. 37 - Certificate of Service.  Despite the modification and the supplemental discovery responses, the parties were unable to resolve their dispute in its entirety.

## ANALYSIS

As a starting point, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents . . ."  Fed. R. Civ. P. 26(b)(1).

However, "[t]he District Court does have discretion to limit the scope of discovery." *Credit Lyonnais v. SGC Int'l, Inc.*, 160 F.3d 428, 431 (8th Cir. 1998). To determine if a matter is discoverable, the analysis requires the court to first determine whether the sought discovery is relevant to a claim or defense. Accordingly, although limited, relevant evidence includes "any matter that could bear on, or that reasonably could lead to other matter that could bear on" the claims or defenses of any party. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). "Determinations of relevance in discovery rulings are left to the sound discretion of the trial court and will not be reversed absent an abuse of discretion." *Hayden v. Bracy*, 744 F.2d 1338, 1342 (8th Cir. 1984).

Once the requesting party meets the threshold relevance burden, generally "[a]ll discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden." *Continental Ill. Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 684-85 (D. Kan. 1991) (citation omitted). The party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper. *St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 511-12 (N.D. Iowa 2000) (objecting party has the burden to substantiate its objections). The party resisting discovery has the burden to show facts justifying its objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome. See *Wagner v. Dryvit Sys., Inc.*, 208 F.R.D. 606, 610 (D. Neb. 2001). This imposes an obligation to provide sufficient detail and explanation about the nature of the burden in terms of time, money and procedure required to produce the requested documents. See *id.*

**A.    Request for Production**

The plaintiff's Request for Production No. 2 states:

> Please provide, at counsel for Plaintiff's expense, copies of all information prepared by the [defendant], at any time, including Safety Rules, Engineering Department Rules, Training Materials, Videos: (a) relating to dumping, laying or installing ballast on existing track; (b) relating to walking on ballast; (c) addressing the sides [sic] of ballast to be used; and (d) addressing what surfacing is to be done on ballast to attempt to provide a surface on which employees can walk.

**See** Filing No. 45 - Motion p. 1.

The defendant served the following response:

> Defendant objects to this request as overly broad, vague, burdensome, and not reasonably limited in time and scope. This request is not limited to Plaintiff's training and/or others similarly situated. Further, this request seeks documents that are not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to said objections, see Plaintiff's training history produced. Defendant will search for and produce reasonably available responsive documents, to the extent available. Plaintiff is also in possession of all applicable safety and operating rules. Further responding; see Section 2130233 of Part 213, FRA Track Safety Standards pertaining which is equally available to plaintiff.

*Id.* at 2.

The plaintiff's motion confirms the defendant did provide documents to "address the size of ballast to be used and the configuration of the track in the area where Plaintiff was injured." *Id.* at 4. However, the plaintiff still seeks "Safety Rules, Engineering Department Rules, Training Material or Videos relating to dumping or installing ballast on existing track; relating to walking on ballast; size or addressing what surfacing is to be done on ballast to attempt to provide a surface on which employees can walk." *Id.* The plaintiff contends the information is relevant to "the issues of notice, duty, and breach of duty or injury." *Id.* at 3.

The defendant argues the request is overly broad and seeks irrelevant materials because the request includes the language "all information" and is not limited to the training of the plaintiff or others similarly situated to the plaintiff. **See** Filing No. 60 - Response p. 3. The defendant contends the plaintiff has failed to provide more than mere assertion that the request is relevant. *Id.* Specifically, the defendant states, "[the plaintiff] can present

no testimony concerning why walking on ballast is central to the issues in his case. [He] has presented no evidence that a different method of walking upon the ballast would change whether he suffered his injury." *Id.*  In any event, the defendant is willing to produce videos that discuss walking on ballast, which were shown to the plaintiff in training. *Id.* at 4.  However, the defendant argues the plaintiff should already have access to his own training materials and any safety rules. *Id.* at 3-4.  Furthermore, the defendant argues any other videos or training materials are only "tangential" to the plaintiff's claims because they are not substantially similar in terms of relevant job duties or type of injury. *Id.* at 4.

The court finds the plaintiff has met his burden of showing the relevance of the requested production for the defendant's rules and instructions to employees relating to dumping or installing ballast on existing track; relating to walking on ballast; addressing size and what surfacing is to be done on ballast to attempt to provide a surface on which employees can walk. While the production may not ultimately be admissible, such discovery reasonably bears on, or could lead to other matter that could bear on the plaintiff's claims or the defendant's defenses.  The defendant's argument suggests only the training materials viewed by the plaintiff are relevant, however an issue in this case is whether the defendant, not the plaintiff, was on notice of potential injury to employees caused by walking on ballast.  The defendant has failed to substantiate its objections to the plaintiff's discovery request.  The plaintiff provides sufficient parameters for the request such that the defendant's concern for having to produce "all information" is unwarranted.  Accordingly, the defendant's objections are overruled.  The defendant shall supplement its response to the plaintiff's Request for Production No. 2.

**B.    Interrogatory**

The plaintiff's Interrogatory No. 1 states, as modified:

> How many employees in the Union Pacific Railroad Company, in the ten (10) years before the date of Plaintiff's injuries, have filed a Report of Personal Injury/Occupation Illness as a result of walking on ballast, or slipping, tripping or falling on ballast? This Interrogatory addresses employees of the [defendant] on a system wide basis, and broken down by state, date of injury, [and] nature of injury.

**See** [Filing No. 45](#) - Motion p. 5.

> The defendant responded, in relevant part, as follows.
>
>> Defendant objects to this Interrogatory as overbroad, compound, not limited to the relevant craft, geographical area, and/or reports substantially similar to Plaintiff's allegations. It seeks irrelevant information that is not reasonably calculated to lead to discovery of admissible evidence.

*Id.*

> The defendant's supplemental response added:
>
>> Defendant also objects to producing names of employees who have been injured, other than those who have filed public lawsuits, because it is a violation of HIPPA. Without waiving that portion of this Interrogatory that is objectionable as set forth herein, <u>Union Pacific will respond with a list of ankle and heel injuries as reported by Maintenance-of-Way employees throughout its system over the last ten years</u>. See attached. To conform to HIPPA requirements the employees' names have been redacted. Those with litigated claims have been left in. Union Pacific also provided a state, date of injury, job description of the employee and city where incident was reported.

*Id.* at 5-6 (emphasis added by the plaintiff).

The plaintiff seeks information beyond what the defendant provided. The plaintiff argues a complete response including information about other types of employees such as switchmen, brakemen, and conductors, and encompassing other types of injuries is relevant to the defendant's foreseeability and notice of risk of injury, among other issues. *Id.* at 6-7. By contrast, the defendant contends the information produced, and no more, is adequate in this case because such production is limited to those types of injuries "substantially similar" to the plaintiff's. **See** [Filing No. 60](#) - Response p. 6.

Again, the court finds the plaintiff has met his burden of showing the discovery sought bears on, or could lead to other matter that could bear on the plaintiff's claims or the defendant's defenses. The court will determine at a later time whether particular evidence is admissible at trial. However, the plaintiff is entitled to discovery relevant to his claims. Inquiry into the defendant's past conduct and other employees' conduct or injuries may reveal incidents comparable, although not identical, to the facts at issue in this case.

The defendant fails to show the manner in which it has narrowed the inquiry excludes only those reported complaints with dissimilar circumstances. While the plaintiff alleges he was working with ballast when he was injured, he does not allege the nature of that activity, alone, caused the injury. Rather, the plaintiff clearly alleges he "walked on uneven terrain, steep shoulders, and loose ballast." **See** Filing No. 1 - Complaint ¶ 11. Further, the plaintiff suggests, and the defendant does not dispute, that employees with different job descriptions may have cause to walk on loose ballast. These allegations are sufficient to show the plaintiff's interrogatory properly seeks information bearing on his claims. Furthermore, the defendant provides no other evidence to substantiate its objections. Accordingly, the defendant's objections are overruled. The defendant shall supplement its answer to the plaintiff's Interrogatory No. 1.

Despite granting the plaintiff's motion to compel, the court finds the defendant's responses and objections were substantially justified or other circumstances make an award of expenses unjust. **See** Fed. R. Civ. P. 37(a)(5)(A). Upon consideration,

**IT IS ORDERED:**

The plaintiff's Motion to Compel Discovery (Filing No. 45) is granted. The defendant shall have to **on or before November 30, 2010**, to provide supplemental discovery as ordered herein.

DATED this 12th day of November, 2010.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.