IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALFREDO MONTES, SR., ) | |
| ) | 8:09CV226 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | MEMORANDUM AND ORDER |
| UNION PACIFIC RAILROAD ) | |
| COMPANY, a Delaware corporation, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the defendant's motion in limine (*Daubert*), Filing No. 48. Defendant Union Pacific Railroad Company ("the Railroad" or "UP") seeks exclusion of the testimony of Scott McMullen, M.D. The Railroad contends that the plaintiff has not provided expert witness reports in accordance with the federal and local rules and further contends that Dr. McMullen's opinions lack the validity, reliability and helpfulness required by Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

I. BACKGROUND

In support of its motion, the Railroad submits the affidavit of counsel showing that on December 18, 2009, the plaintiff submitted Rule 26(a)(2) disclosures listing Dr. Elizabeth Klawitter, Dr. Lee McNamara, and Dr. Scott McMullen as expert witnesses. Filing No. 50, Index of Evid., Affidavit of Angela Miller, Ex. 8 (Doc # 50-1, Page ID # 347). The plaintiff did not produce any corresponding expert reports for those experts under Fed. R. Civ. P. 26(a)(2)(B). *Id.* The disclosure indicates that McMullen is the plaintiff's treating healthcare provider and "is not specifically retained as an expert witness in this case." *Id.*,

Ex. A, Plaintiff's Rule 26(a)(2) Disclosures at 3 (Doc # 50-1, Page ID # 352). The disclosure also and states that Dr. McMullen's opinions were expected to be based upon "his review of the medical records of Plaintiff, the medical care and treatment of Plaintiff, the medical histories obtained during the treatment of Plaintiff, the clinical examinations and results of all tests performed on Plaintiff, and observations of Plaintiff during the treatment and his training and experience in the practice of medicine." *Id.*, Further, the plaintiff disclosed that, based on his medical knowledge, Dr. McMullen would "be called upon to testify that the incident in question was a cause of or contributed to Plaintiff's injuries and condition," and to testify to the treatment provided, the necessity for and reasonableness and of the medical charges, and his opinions as to the Plaintiff's future risks, disabilities or impairments and need for medical care. *Id.* The record shows that the plaintiff later supplemented his disclosure with a letter dated November 18, 2009, from Dr. McMullen to plaintiff's attorney, stating that he believes the episode of October 27, 2007 "placed Mr. Montes's Achillles tendon status beyond the threshold, thus creating symptoms and the need for surgical care." *Id.*, Ex. B, Plaintiff's Second Supplemental Rule 26(a)(1) Disclosures; Filing No. 62, Brief, Ex. 16, Affidavit of Scott T. McMullen, M.D. ("McMullen Aff.") at 1 (Doc # 62-17, Page ID # 885); Ex. 2, Correspondence dated Nov. 18, 2009, from McMullen to James L. Cox (Doc # 62-17, Page ID # 888).

The record shows that Dr. McMullen examined the plaintiff at the request of the defendant. *Id.*, Ex. 16, McMullen Aff. at 1 (Doc # 62-17, Page ID # 885), Ex. 6, Correspondence dated November 29, 2007, from Michelle Cowan to Dr. McMullen (Doc # 62-17, Page ID # 894). Dr. McMullen is an orthopedic surgeon. *Id.*, McMullen Aff. at 2 (Doc # 62-17, Page ID # 886). He provided his opinions and copies of his office notes to UP on December 3, 2007. *Id.* at 1 (Doc # 62-17, Page ID # 885); Ex. 4, office notes (Doc

2

# 62-17, Page ID # 891-92); Ex. 5, Correspondence dated December 3, 2007 to Michelle Cowan (Doc # 62-17, Page ID # 893).

## II. DISCUSSION

### A. Law

A prima facie case in an action under the Federal Employer's Liability Act ("FELA"), 45 U.S.C.A. 51 *et seq.*, requires admissible evidence that defendant's negligence was a cause of plaintiff's injury. *See Fletcher v. Union Pacific Railroad Co.*, 621 F.2d 902 (8th Cir. 1980); *Norfolk Southern Ry. Co. v. Sorrell,* 549 U.S. 158, 171 (2007) (holding that railroad negligence and employee contributory negligence are governed by the same causation standard in FELA cases). Under the FELA, the Railroad will be liable if its negligence played any part, even the slightest, in producing the employee's injury. *Rogers v. Missouri Pacific R.R. Co.*, 352 U.S. 500, 506 (1957). Expert evidence is often required to establish the causal connection between the accident and some item of physical or mental injury. *Brooks v. Union Pacific Railroad Co.*, 620 F.3d 896, 899 (8th Cir. 2010) (involving an injury with no obvious origin and a plaintiff who "did not point to a specific incident that injured him").

When "there is no obvious origin to an injury and it has 'multiple potential etiologies, expert testimony is necessary to establish causation.'" *Myers v. Illinois Central R. Co.*, 629 F.3d 639, 643 (7th Cir. 2010) (quoting *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 46-47 (2d Cir. 2004)). However, expert evidence is not required to establish the causal connection between the accident and the injury if 'the connection is a kind that would be obvious to laymen, such as a broken leg from being struck by an automobile.'" *Brooks,* 620 F.2d at 899 (quoting *Moody v. Maine Cent. R.R. Co.,* 823 F.2d 693, 695 (1st Cir.1987)); *Myers*, 629 F.3d at 643 (stating that "[e]xpert testimony is unnecessary in cases

3

where a layperson can understand what caused the injury"). "For example, when a plaintiff suffers from a broken leg or a gash when hit by a vehicle, he doesn't need to produce expert testimony." *Myers,* 629 F.3d at 643; *Hardyman v. Norfolk & Western Railway, Co.,* 243 F.3d 255, 261-63 (6th Cir. 2001) (finding a jury question); *Tufariello v. Long Island R. Co.,* 458 F.3d 80, 88 (2d Cir. 2006) (no expert testimony was necessary in a case involving hearing loss from lack of ear protection because "there is a generally understood causal connection between physical phenomena—in this case, very loud sounds, which we refer to colloquially as 'deafening'—and the alleged injury [hearing loss] that 'would be obvious to laymen."). Expert testimony is sometimes required for cumulative trauma injuries, under the general principle that a layman could not discern the specific cause. *See, e.g., Brooks,* 620 F.3d 896, 899-900 (degenerative disk disease); *Granfield v. CSX Transp., Inc.,* 597 F.3d 474, 484-487 (1st Cir. 2010) (epicondylitis); *Moody,* 823 F.2d at 696 (emotional trauma).

  Rule 26 requires parties to disclose the identity of witnesses expected to offer expert testimony at trial and to provide a written report describing a testifying expert's opinions and the basis for that opinion if the expert witness "is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). That disclosure must include "a written report—prepared and signed by the witness" and the written report must contain: "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the data or other information considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them. . . ." *Id.* The purpose of the report is to provide adequate notice of the substance of the expert's forthcoming testimony and to give the opposing party time to prepare for a response.

*Walsh v. Chez*, 583 F.3d 990, 993 (7th Cir. 2009). By its terms, Rule 26(a)(2)(B) provides that a party needs to file an expert report from a treating physician only if that physician was "retained or specially employed to provide expert testimony." Fed. R. Civ. P. 26(a)(2)(B). However, a treating physician who is offered to provide expert testimony as to the cause of a plaintiff's injury, but who did not make that determination in the course of providing treatment, is "deemed to be one 'retained or specially employed to provide expert testimony in the case,' and thus will be required to submit an expert report in accordance with Rule 26(a)(2)." *Meyers v. National R.R. Passenger Corp. (Amtrack)*, 619 F.3d 729 (7th Cir. 2010). If the treating doctor forms an opinion about causation at the time of treatment, rather than at the request of counsel in anticipation of litigation, expert reports need not satisfy Rule 26(a)(2). *Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 869 (6th Cir. 2007) (noting that "[t]his conclusion is supported by the obvious fact that doctors may need to determine the cause of an injury in order to treat it").

Admissibility of expert testimony is governed by Fed. R. Civ. P. 702. *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. at 589. Rule 702 of the Federal Rules of Evidence states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

Fed. R. Evid. 702. The proponent of the expert testimony must prove its admissibility by a preponderance of the evidence. *Daubert*, 509 U.S. at 592. Proposed expert testimony must meet three prerequisites in order to be admitted under Rule 702: first, evidence based on scientific, technical, or other specialized knowledge must be useful to the finder of fact in deciding the ultimate issue of fact; second, the proposed witness must be

5

qualified to assist the finder of fact; and third, the proposed evidence must be reliable or trustworthy in an evidentiary sense. *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001) (noting district court's gatekeeper role when screening expert testimony for relevance and reliability). Expert testimony assists the trier of fact when it provides information beyond the common knowledge of the trier of fact. *Kudabeck v. Kroger Co.*, 338 F.3d 856, 860 (8th Cir. 2003). The district court's gatekeeper function applies to all expert testimony, not just testimony based in science. *Id.*

Under *Daubert*, district courts apply a number of nonexclusive factors in performing this role. *Lauzon*, 270 F.3d at 686-87. These are: whether the theory or technique can be and has been tested, whether the theory or technique has been subjected to peer review and publication, the known or potential rate of error, whether the theory has been generally accepted, whether the expertise was developed for litigation or naturally flowed from the expert's research, whether the proposed expert ruled out other alternative explanations, and whether the proposed expert sufficiently connected the proposed testimony with the facts of the case. *Id.* at 686-87. "This evidentiary inquiry is meant to be flexible and fact specific, and a court should use, adapt, or reject *Daubert* factors as the particular case demands." *Unrein v. Timesavers, Inc.*, 394 F.3d 1008, 1011 (8th Cir. 2005).

There is no single requirement for admissibility as long as the proffer indicates that the expert evidence is reliable and relevant. *Id.* The question is whether the expert's opinion is sufficiently grounded to be helpful to the jury. *Id.* at 1012. "[N]othing in Rule 702, *Daubert*, or its progeny requires 'that an expert resolve an ultimate issue of fact to a scientific absolute in order to be admissible.'" *Kudabeck,* 338 F.3d at 861 (quoting *Bonner*

6

*v. ISP Tech., Inc.*, 259 F.3d 924, 929 (8th Cir. 2001)). To the extent that a party challenges the probative value of the evidence, an attack upon the probative sufficiency of evidence relates not to admissibility but to the weight of the evidence and is a matter for the trier of fact to resolve. *United States v. Beasley,* 102 F.3d 1440, 1451 (8th Cir. 1996).

One appropriate method for making a determination of causation for an individual instance of disease is known as "differential diagnosis," which is defined as: "[t]he method by which a physician determines what disease process caused a patient's symptoms." *Hardyman,* 243 F.3d at 260 (6th Cir. 2001) (quoting Federal Judicial Center, *Reference Manual on Scientific Evidence* 214 (1994)). Differential diagnosis, or differential etiology, is a standard scientific technique of identifying the cause of a medical problem by eliminating the likely causes until the most probable one is isolated. *Hardyman,* 243 F.3d at 260 (noting that a reliable differential diagnosis is typically performed after physical examinations, taking medical histories, and reviewing clinical tests). A medical opinion about causation, based upon a proper differential diagnosis, is sufficiently reliable to satisfy *Daubert*. *Kudabeck,* 338 F.3d at 861; *Junk v. Terminix Intern. Co.,* 628 F.3d 439, 449 (8th Cir. 2010) (noting that differential diagnoses are generally admissible, but should be excluded if they are scientifically invalid).

  B. Analysis

The court finds that the defendant's motion in limine should be denied. The record shows that Dr. McMullen is not an expert who was retained or specially employed to provide expert testimony in the case. Moreover, he is not deemed to be such an expert because the record establishes that his opinion on causation was formed in connection with the treatment of the plaintiff and is in the nature of a differential diagnosis. As the

7

treating physician, he was not required to provide the more detailed disclosure required under Rule 26(a)(2)(B). Nevertheless, the court finds that the reports provided to counsel essentially satisfy the requirements of the expert disclosure provision. The Railroad has had adequate notice of the substance of the expert's forthcoming testimony. He was retained by the Railroad and the Railroad was free to depose him. The Railroad has been aware of Dr. McMullen's position since early in the litigation.

The Railroad's reliance on *Brooks v. Union Pacific,* 620 F.3d 896 (8th Cir. 2005), as support for its position is misplaced. That case is distinguishable because the plaintiff in that case had a claim based on cumulative trauma that arguably could require expert testimony on causation and the plaintiff therein had not provided any expert report.

The court similarly rejects the Railroad's contention that Dr. McMullen's testimony should be excluded as unreliable under *Daubert*. The witness is an orthopedic surgeon competent to testify as to his treatment of the plaintiff and the opinions formed in connection with that treatment. The Railroad's objections go more to the weight of the evidence than to its admissibility and are the subject of cross-examination. Accordingly,

IT IS ORDERED that the defendant's motion in limine (*Daubert*) is denied.

DATED this 8th day of April, 2011.

BY THE COURT:

s/Joseph F. Bataillon
Chief District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.