IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ALFREDO MONTES SR., | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CV226 |
| | ) | |
| v. | ) | |
| | ) | |
| UNION PACIFIC RAILROAD COMPANY, a Delaware corporation, | ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

      This matter is before the court on the defendant Union Pacific Railroad's (hereinafter, "UP" or "the Railroad") motion in limine, Filing No. 86. This is an action for damages under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51-60. The Railroad seeks an order precluding the plaintiff from presenting evidence or argument in nineteen particulars. Specifically, the Railroad seeks exclusion of: 1) reference to this action as a "compensation" case; 2) reference to the FELA as a sole remedy; 3) reference to awards in FELA cases in comparison to Nebraska workers' compensation cases; 4) reference to any undisclosed documents, witnesses or evidence; 5) any Union Pacific document inadvertently produced in this or other litigation that would otherwise be privileged or work product; 6) any argument or reference to any lack of compassion on the part of Union Pacific; 7) any reference to or use of the term "railroaded"; 8) any alleged unsafe conditions or Federal Railroad Administration ("FRA") track violations that are not directly related to the incident involved in this case; 9) any evidence of Montes' gross wage loss, rather than net wage loss; 10) any reference or argument that the damage award in a FELA case is subject to federal income tax; 11) any evidence and/or jury argument comparing or commenting on the financial disparity between the parties and any evidence

and/or jury argument referring to punitive or exemplary damages, or argument suggesting that a message should be sent to Union Pacific; 12) any testimony, argument or evidence concerning the Union Pacific-Southern Pacific merger or any reference to Union Pacific being "the largest railroad company in North America"; 13) any reference to Union Pacific's financial conditions, solvency or ability to pay a verdict or satisfy a judgment in this case; 14) any reference or argument regarding the congressional intent or purpose of the FELA; 15) any testimony, argument, reference or evidence that Union Pacific could have provided other alternative safer methods of work, for example, by using a remote-controlled ballast car, rather than a car with a manual control; 16) any and all testimony and evidence from Alan Blackwell for failure to produce a written report in accordance with Fed. R. Civ. P. 26 and this court's scheduling order; 17) any and all testimony that walking on large, mainline ballast caused Montes' Achilles tendon injury; 18) any reference to the plaintiff's treating doctors as "railroad doctors"; and 19) any testimony or evidence from Dr. Scott McMullen.

Although the motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings, performing a gatekeeping function and sharpening the focus for later trial proceedings, some evidentiary submissions cannot be evaluated accurately or sufficiently by the trial judge in such a procedural environment. *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine is appropriate for "evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissable for any purpose." *Id.* In other instances, it is necessary to defer ruling until during trial, when the trial judge can better estimate the impact of the evidence on the jury. *Id.* To the extent that a party challenges the probative value of the evidence, an attack upon the probative

sufficiency of evidence relates not to admissibility but to the weight of the evidence and is a matter for the trier of fact to resolve. *United States v. Beasley,* 102 F.3d 1440, 1451 (8th Cir. 1996).

The plaintiff has conceded that punitive damages are not at issue, so that portion of the defendant's motion is moot. Further, the plaintiff concedes that Alan Blackwell was not disclosed as an expert and states that the plaintiff does not intend to call him as a witness at trial. *See* Filing No. 83, Plaintiff's Response to Defendant's Motion to Strike at 2. (Doc # 83, Page ID # 1192). Accordingly, the court finds the motion in limine should be granted with respect to the testimony of Alan Blackwell.

The court has addressed the issue of the propriety of Dr. McMullen's testimony and testimony on causation in the order denying the Railroad's motion to exclude Dr. McMullen's testimony. *See* Filing No. 100, Memorandum and Order at 7-8. For the reasons stated in that Memorandum and Order, the defendant's motion in limine will be denied with respect to evidence of causation and the testimony of Dr. Scott McMullen.

The court is unable to evaluate the relevance of much of the remainder of the challenged evidence in the context of a pretrial motion. Many of the defendant's concerns are more in the nature of objections that can be resolved at trial. Some may warrant a cautionary or limiting instruction, but the court cannot determine the ambit of such an instruction at this time. Let it suffice to say that the court will admit only evidence that is relevant to the issues in the case, and only to the extent that the relevance of the evidence outweighs its potential to cause prejudice or confusion under Fed. R. Evid. 403. Generally, the court finds the motion can be adequately resolved at trial, either in a hearing immediately prior to commencement of the trial, as an objection with a sidebar, or with a

review of the evidence outside the presence of the jury. The court notes that plaintiff's counsel does not have local counsel and therefore may not be familiar with local practice. If the defendant has reason to believe, based on prior experience, that plaintiff's counsel will characterize evidence outside the bounds of the rules of evidence, then the defendant may raise these concerns with the court prior to selecting the jury or otherwise. Accordingly, the court finds that the remainder of the defendant's motion in limine should be overruled at this time, without prejudice to its reassertion via timely objection to the admissibility of such evidence at trial. Accordingly,

IT IS ORDERED:

1. The defendant's motion in limine regarding punitive damages is denied as moot.

2. The defendant's motion to preclude the testimony of Alan Blackwell is granted.

3. The defendant's motion to preclude the testimony of Scott McMullen, M.D., and evidence of causation is denied.

4. The defendant's motion in limine (Filing No. 86) is denied in all other respects, without prejudice to reassertion at trial.

DATED this 15th day of April, 2011.

BY THE COURT:

s/Joseph F. Bataillon
Chief District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.