IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALFREDO MONTES SR., ) | |
| ) | |
| Plaintiff, ) | 8:09CV226 |
| ) | |
| v. ) | |
| ) | |
| UNION PACIFIC RAILROAD ) | MEMORANDUM AND ORDER |
| COMPANY, a Delaware corporation, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on the parties' cross-motions summary judgment, Filing No. 38 & Filing No. 39.[1] This is an action for damages under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51-60. This case arises from injuries the plaintiff sustained while working for the defendant Union Pacific Railroad Co. (hereinafter, "UP" or "the Railroad"). The plaintiff alleges that he was injured on October 20, 2007, while walking on uneven terrain alongside railcars dumping ballast. Specifically, the plaintiff alleges the defendant failed to exercise ordinary care to provide its employees with a reasonably safe place to work by breaching its duties to investigate and to institute and implement reasonably safe methods and procedures for the performance of the work; by failing to comply with its own rules, including Engineering Track Maintenance Field Manual and

---

[1]Several motions that relate to the cross-motions for summary judgment are also pending: defendant's motion to strike the affidavit of Alan Blackwell, Filing No. 77; the plaintiff's motion for leave to supplement its brief, Filing No. 92; the plaintiff's motion for leave to submit exhibits, Filing No. 93; and plaintiff's objections to correspondence to the court, Filing No. 94 and Filing No. 97. The court did not consider the affidavit of Alan Blackwell in making this decision, so the motion to strike that affidavit will be denied as moot. The defendant did not object to the plaintiff's submission of additional evidence and argument in support of his motion for summary judgment. The plaintiff sought leave to submit supplemental answers to interrogatories. See Filing No. 95, Index of Evid., Ex. 7. The court finds the plaintiff's motion to submit additional evidence and argument should be granted. The court further finds that the plaintiff's objections to the defendant's citations of additional authority should be overruled. Further briefing on the issues would not have been helpful to the court.

Union Pacific Railroad Engineering Standards; and by failing to comply with Neb. Rev. Stat. § 74-919.[2]  He alleges that he aggravated a pre-existing condition in his right heel and injured his Achilles tendon as a result of the defendant's negligence and the violation of federal regulations, and that the injury is traceable to the specific event of walking on the loose ballast on the steep shoulder.  See Complaint, Filing No. 1.

Both parties have submitted voluminous evidence in support of their respective positions.  See Filing No. 38, Plaintiff's Motion, Attached Exs. 1-6; Filing No. 95, Plaintiff's Index of Evid., Ex. 7;  Evid., Filing No. 41, Defendant's Index of Evid., Exs. 1-7; Filing No. 62, plaintiff's brief in opposition, attached Exs. 1-22; Filing No. 66, Index of Evid. in opposition, Exs. 1-3.  The plaintiff's motion for summary judgment is premised on his contention that undisputed evidence establishes that the Railroad's track was not in compliance with federal track safety standards and regulations at the time of the alleged injury.  This argument is based on regulations governing track safety standards promulgated by the Secretary of Transportation at 49 C.F.R. Part 213 ("This subpart prescribes minimum requirements for ballast, crossties, track assembly fittings, and the physical conditions of rails.") The plaintiff contends that the violation of the regulation constitutes negligence *per se* and seeks a determination, as a matter of law, that the Railroad was negligent.[3]  In support of his motion, the plaintiff submits excerpts of the

---

[2] That statute provides: "Each railroad in this state shall keep and maintain the margins alongside its tracks where railroad employees are required to walk in the course of their duties reasonably free from debris and vegetation which affect the safety of such employees while working."  Neb. Rev. Stat. § 74-919.

[3] The regulation at issue provides:

Unless it is otherwise structurally supported, all track shall be supported by material which will--

    (a) Transmit and distribute the load of the track and railroad rolling equipment to the subgrade;

2

deposition of Eric J. Gehringer, UP track maintenance manager, contending that Gehringer admits that ballast was needed in the area on which the plaintiff was working and that the track was not in compliance with federal regulations for that reason. *See* Filing No. 38, Index of Evid., Ex. 4, Deposition of Eric J. Gehringer (Doc # 38-4, Page ID # 124-31). He also submits portions of the Railroad's Engineering Track Maintenance Field Handbook and Maintenance of Way Rules. *Id.,* Exs. 1 & 5 (Doc # 38-1, Page ID # 105-06; Doc # 38-5, Page ID # 132-34).

In its cross-motion for summary judgment against the plaintiff, the Railroad argues that the plaintiff's FELA claim is precluded by the federal regulations promulgated pursuant to the Federal Railroad Safety Act ("FRSA"), 49 U.S.C. § 20101.[4] Citing the same federal regulation as the plaintiff, it argues that it has shown compliance with the federal regulation governing ballast and that the plaintiff's FELA claim is barred as a matter of law. Also, it argues that the plaintiff cannot prove that the Railroad provided an unsafe place to work or that the plaintiff's injury was medically caused by walking on ballast.

In support of its cross-motion for summary judgment against the plaintiff, the Railroad submits deposition testimony and affidavits purportedly showing that the ballast it used for track structures complied with federal regulations, specifically, 49 C.F.R. §

---

(b) Restrain the track laterally, longitudinally, and vertically under dynamic loads imposed by railroad rolling equipment and thermal stress exerted by the rails;

(c) Provide adequate drainage for the track; and

(d) Maintain proper track crosslevel, surface, and alinement.

49 C.F.R. § 213.103.

[4] The Railroad relies on the track safety standards in support of its argument that the plaintiff's action is precluded because the Federal Railroad Safety Act, 49 U.S.C. § 20102 *et seq.*, has effectively precluded the field of ballast regulation.

3

213.103. Filing No. 41, Index of Evid., Ex. 3, Affidavit of Frank Gehringer (Doc # 41-3, Page ID # 240-45). Also, it submits the affidavit and deposition testimony of a podiatrist, Dr. Charles Halverson, D.P.M., to show that the plaintiff's injuries were the result of cumulative wear and tear and not the result of a specific injury. Filing No. 41, Index of Evid., Ex. 5, Affidavit of Charles Halverson, D.P.M. (Doc # 41-5, Page ID # 253-54), Ex. B, Halverson Report (Doc # 41-5, Page ID # 257-61); Ex. 7, Deposition of Charles Halverson, D.P.M. (Doc # 41-7, Page ID # 275-313). The Railroad argues that the plaintiff has not presented evidence to controvert Dr. Halverson's opinion.[5]

## DISCUSSION

**A. Law**

Summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with

---

[5]This argument depends on the exclusion of the testimony of Scott McMullen, M.D. The defendant's motion in limine to exclude Dr. McMullen's testimony was denied. See Filing No. 100. defendant's motion in limine, which was denied by the court. See Filing No. 100, Memorandum and Order.

4

the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. If the moving party meets the initial burden, the burden then shifts to the opposing party to produce evidence of the existence of a genuine issue for trial. *Id.* at 324.

"The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). A "genuine" issue of material fact exists "when there is sufficient evidence favoring the party opposing the motion for a jury to return a verdict for that party." *Id. at* 251-52 (1986) (noting the inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law). If "reasonable minds could differ as to the import of the evidence," summary judgment should not be granted. *Id.* at 251.

The evidence must be viewed in the light most favorable to the nonmoving party, giving the nonmoving party the benefit of all reasonable inferences. *Kenney v. Swift Transp., Inc.,* 347 F.3d 1041, 1044 (8th Cir. 2003). "In ruling on a motion for summary judgment, a court must not weigh evidence or make credibility determinations." *Id.* "Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." *Koehn v. Indian Hills Cmty. Coll.,* 371 F.3d 394, 396 (8th Cir. 2004).

The FELA provides the exclusive remedy for a railroad employee injured as a result of his employer's negligence. *See, e.g., Wabash R. Co. v. Hayes,* 234 U.S. 86, 89 (1914).

Substantively, FELA actions are governed by federal law. *Norfolk Southern Ry. Co. v. Sorrell*, 549 U.S. 158, 165 (2007). The FELA is construed liberally to further its remedial and humanitarian purpose. *Urie v. Thompson*, 337 U.S. 163, 181-82 (1949). For example, relaxed standards apply under the FELA both for causation and for applying the principle of negligence *per se*. *Nordgren v. Burlington Northern R.R. Co.*, 101 F.3d 1246, 1249 (8th Cir. 1996); *Sorrell*, 549 U.S. at 178 (Ginsburg, J., concurring) (FELA precedent solidly establishes that the causation standard in FELA actions is more "relaxed" than in tort litigation generally).

To succeed on an FELA claim, a plaintiff is required to show that, while he was working for the railroad, he was injured as a result "in whole or in part from the negligence of any of the officers, agents, or employees of [the railroad], or by reason of any defect or insufficiency, due to its negligence," in its equipment. 45 U.S.C. § 51; *see Villa v. Burlington Northern and Santa Fe Railway Co.*, 397 F.3d 1041, 1044 (8th Cir. 2005). Success on an FELA negligence claim requires proof of the common-law elements of a negligence claim: duty, breach, causation, and injury. *See Consolidated Rail Corp. v. Gottshall*, 512 U.S. 532, 543–44(1994). "Negligence, for purposes of FELA, exists if defendants knew or should have known 'that prevalent standards of conduct were inadequate to protect petitioner and similarly situated employees.'" *Villa*, 397 F.3d at 1045 n.4 (quoting *Urie v. Thompson*, 337 U.S. at 178). Knowledge of inadequacy is a factual question for the jury. *Villa*, 397 F.3d at 1045 n. 4.

A prima facie case in an action under the FELA, 45 U.S.C.A. 51 *et seq.*, requires admissible evidence that defendant's negligence was a cause of plaintiff's injury. *See Fletcher v. Union Pacific Railroad Co.*, 621 F.2d 902 (8th Cir. 1980). Under the FELA, the

6

railroad will be liable if its negligence played any part, even the slightest, in producing the employee's injury. *Rogers v. Missouri Pacific R.R. Co.*, 352 U.S. 500, 506 (1957); *see also Gottshall*, 512 U.S. at 543 (noting that FELA claim should be presented to a jury if the evidence indicates that "employer negligence played any part, even the slightest" in the plaintiff's injuries). In an FELA case, the presence of multiple contributing causes will not preclude a finding of liability against a defendant who has provided a legal cause of a plaintiff's injury. *Villa*, 397 F.3d at 1046.

The Federal Railroad Safety Act, 49 U.S.C. § 20101, was enacted in 1970 in order "to promote safety in every area of railroad operations and reduce railroad-related accidents and incidents." 49 U.S.C. § 20101; *see Norfolk Southern Railway Co. v. Shanklin*, 529 U.S. 344, 347 (2000). Under the FRSA, the Secretary of Transportation is authorized to "prescribe regulations and issue orders for every area of railroad safety." *Shanklin*, 529 U.S. at 347. In order to promote national uniformity of railroad safety laws, the FRSA contains a preemption clause that provides that the states may regulate railroad safety "until the Secretary of Transportation . . . prescribes a regulation or issues an order covering the subject matter of the State requirement." 49 U.S.C. § 20106(a)(1) & (2). To pre-empt state law, the federal regulation must cover the same subject matter, and not merely touch upon or relate to that subject matter, "'pre-emption will lie only if the federal regulations substantially subsume the subject matter of the relevant state law.'" *Shanklin*, 529 U.S. at 352 (quoting *CSX Transportation, Inc. v. Easterwood*, 507 U.S. 658, 664 (1993)); *Nickels v. Grand Trunk Western R.R., Inc.*, 560 F.3d 426, 429 (6th Cir. 2009) (involving ballast regulations).

The provision explicitly preempts only State laws, regulations, and orders; it does not mention other federal safety standards. *Nickels,* 560 F.3d at 429. However, several courts have held that "the uniformity demanded by the FRSA 'can be achieved only if [federal rail safety regulations] are applied similarly to a FELA plaintiff's negligence claim and a non-railroad-employee plaintiff's state law negligence claim.'" *Id.* at 430 (quoting *Lane v. R.A. Sims, Jr., Inc.,* 241 F.3d 439, 443 (5th Cir. 2001); *see also Waymire v. Norfolk and Western Ry Co.,* 218 F.3d 773, 776 (7th Cir. 2000). Under that theory, a railroad-employee plaintiff's claims "are precluded by the FRSA if they would have been preempted if brought by a non-employee under state law." *Nickels,* 560 F.3d at 430.

The question then becomes "whether [the regulation at issue] covers the subject matter of the plaintiffs' claims." *Id.* at 431. In 49 C.F.R. 213.103, the Secretary of Transportation "has directed railroads to install ballast sufficient to perform key support functions under the conditions applicable to the track" and that regulation "determines what is a reasonable ballast composition and size for a particular track." *Id.*

### B. Analysis

The court finds that neither party has shown that it is entitled to judgment as a matter of law. The evidence before the court shows disputed issues of fact on numerous issues. With respect to the issue of negligence per se, even if that theory were applicable, the plaintiff has not submitted evidence sufficient for the court to find the Railroad was not in compliance with federal regulations. The testimony on which the plaintiff relies for that proposition is equivocal and contradictory. The credibility of the witnesses is also at issue.

The court finds the Railroad's reliance on the theory of preclusion is misplaced. First, the Eighth Circuit has not applied state-claim preemption principles to federal

regulations in the contest of the FELA.  Second, even if the theory were appropriate under Eighth Circuit precedent, the court finds the regulation at issue does not "cover" the plaintiff's FELA claim.  It is clear that the regulation is directed toward creating a safe roadbed for trains, not a safe walkway for railroad employees who must inspect the trains. *See, e.g.,* Grimes v. Norfolk Southern Ry. Co., 116 F. Supp. 2d 995, 1003 (N.D. Ind. 2000). Compliance with federal regulations governing the size of the ballast is not at issue in the case.  While the ballast may have been appropriate from the perspective of supporting the train, the issue is whether the Railroad provided the plaintiff a reasonably safe place to work.  Based on the record before the court, the defendant has not shown that it is entitled to judgment as a matter of law.

The argument that the plaintiff cannot prove causation is connected to its motion to preclude the testimony of Scott McMullen, M.D.  The court has denied that motion, foreclosing this argument.  *See* Filing No. 100, Memorandum and Order.  There are disputed issues of fact with respect to causation and foreseeability and the resolution of those issues will involve assessments of credibility, which are within the province of the jury.  The defendant has not shown as a matter of law that it is entitled to judgment.  The court finds there is a genuine issue of material fact on the issues of causation and foreseeability.  Whether or not the Railroad provided the plaintiff with a reasonably safe place to work is a question of fact for the jury.  Accordingly,

IT IS ORDERED:

1. The plaintiff's motion for summary judgment (Filing No. 38) is denied.
2. The defendant's motions summary judgment (Filing No. 39) is denied.
3. The defendant's motion to strike (Filing No. 77) is denied as moot.

4. The plaintiff's motion for leave to supplement his brief (Filing No. 92) is granted.

5. The plaintiff's motion for leave to file supplemental exhibits (Filing No. 93) is granted.

6. The plaintiff's objections to correspondence to the court (Filing No. 94 and Filing No. 97) are overruled.

7. Pursuant to the Order dated December 17, 2011 (Filing No. 91), the parties shall have ten (10) days from the date of this order in which to schedule a final pretrial conference. Counsel for the plaintiff shall contact the magistrate judge to schedule the final pretrial conference.

DATED this 15th day of April, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.